Osborn v. Cummings.

the said land was the property of the husband, the said Warren J. Hill. There is in the record a notice from the plaintiff to the defendants to produce at the trial the deed under which the defendants claim title, and a deed is accordingly set out answering to that described in the notice to produce, it being a deed from one John Rabb, and purporting, in consideration of the sum of $1,000, to convey the land in question to the wife, Sibby Hill, and the heirs of Warren J. Hill. The case was tried at the Fall Term, 1848, and there was a verdict and judgment thereon for the plaintiff. The defendants moved for a new trial, upon the alleged erroneous instructions and rulings of the court at the trial. The motion was overruled. There was also a motion in arrest of judgment overruled, and the defendant gave notice of an appeal, and subsequently brought up the case by writ of error.

*Webb* and *Mayfield*, for plaintiff in error.

*Hamilton*, *Green* and *Hancock*, for defendant in error.

NOTE 2.—Armstrong *v.* Lipscomb, 11 T., 649; McMahan *v.* Rice, 16 T., 335; Dalby *v.* Booth, 16 T., 563; Dever *v.* Branch, 18 T., 616; Birge *v.* Wanhop, 23 T., 441; Mann *v.* Falcon, 25 T., 271.

OSBORN'S ADM'X v. CUMMINGS.

The true test of the competency of a witness to whom objection is made on account of interest is, will he either gain or lose by the direct legal operation or effect of the judgment, or will the record be legal evidence either for or against him in some other action.

A subsequent purchaser of real estate bought "with full knowledge of the outstanding demand for the purchase-money:" *Held*, That in an action by the original vendor against the original vendee for the purchase-money, wherein the vendor claimed the enforcement of the vendor's lien against the property, the subsequent purchaser was not a competent witness for the defendant to prove payment and set off.

Whether a person could not, under such circumstances, balance or remove his interests and become a competent witness—*quere?*

## Osborn v. Cummings.

Appeal from Guadalupe. This suit was brought by the appellant to recover the purchase-money of a house and lot in the town of Seguin. The plaintiff, in her petition, claimed a lien on the house and lot for the purchase-money, prayed [11] for judgment for the debt, and that the lien should be enforced. The main defense relied on was that the debt had been paid in the life-time of the plaintiff's intestate by various payments and set-offs existing before his death. To prove these set-offs and payments, or part of them, Mr. Neill, the counsel for the defendant, was offered as a witness, and although objected to by the plaintiff, on the ground of incompetency from interest in the result of the suit, was admitted by the court to give evidence, to which the plaintiff excepted, and the presiding judge signed and sealed the exception.

The nature and extent of the interest of the witness will be seen by reciting a part of the bill of exceptions and referring it to the plaintiff's petition: "Witness admitted that he had become the purchaser of the property described "in the plaintiff's petition, being the house and town lot for which the note "sued was given as part consideration thereof, and that the said purchase was "made by him with full knowledge of the outstanding demand for the purchase-"money." On the discovery of his interest, he was objected to as an incompetent witness, but the objection was overruled, and he was permitted to give evidence going to prove that the purchase-money had been paid.

*Hancock*, for appellant. The judge erred in permitting A. Neill to testify as a witness to the several items referred to by him in his testimony, after it appeared that he had become the purchaser of the house and lot for the purchase-money of which the note sued on was given, with full knowledge of the fact that the purchase-money was unpaid. The vendor of land has a lien on the land for the amount of the purchase-money, not only against the vendor himself, but also against all subsequent purchasers having notice that the purchase-money remains unpaid. (2 Story Eq., 462, 463, and note 4; 1 Johns. Ch. R., 308; 4 Kent. Com., 151, 152, 153; 15 Ves., 329, 337, 339, 342, 350; Briscoe v. Bronaugh, 1 Tex. R., 326.) This makes his interest as immediate and direct [12] in the result of the suit as though he had been the actual defendant.

*Neill*, for appellee. This was not an action in chancery to stay the defendant, Cummings, from disposing of the estate set forth, and the purchase of the property by the witness, A. Neill, either before or after suit commenced upon the note, did not render him an incompetent witness. But it even appears that he, the witness, knew that the debt was paid. (see his evidence and the statement of facts;) so that the case of Briscoe v. Bronaugh does not apply. If it was error to allow the evidence of the witness Neill, still the same fact, to wit, payment, is as fully proved by both Hunter and Day; which was sufficient to justify the verdict, even if the other evidence be ruled out.

LIPSCOMB, J. On the subject of competency of witnesses there has been a great contrariety of decision. It is, however, believed to be a rule that a witness having an interest in the event of the suit is not competent to testify or give evidence that would promote his own interest. The interest must be direct and certain and not contingent. The remote possibility is not sufficient. But if the interest is certain, it is not material how small it may be. The true test for ascertaining the interest of a witness, as laid down by a distinguished writer on evidence, is "that he will either gain or lose by the direct legal "operation or effect of the judgment, or that the record will be legal evidence "for or against him in some other action." (1 Greenl. Ev., sec. 390.)

Let us apply this test to the question under consideration. The witness acknowledges that he is a purchaser of the lot sold by the plaintiff's intestate; that he purchased with a full knowledge of the outstanding demand for the purchase-money; and in this suit a lien is set up by the plaintiff on the property so purchased by witness, and the witness is offered to [13] prove the payment .

of the purchase-money, and consequently to extinguish the lien. In the case of Briscoe v. Bronaugh (1 Tex. R., 326) it was ruled by the court that the vendor has a lien on the property sold for the price for which it was sold; that the vendee holds in trust for the vendor until the purchase-money is paid; and this trust attaches to the land or thing sold, and follows it into the hands of subsequent purchasers with notice. The witness, then, being the subsequent purchaser with notice, has a direct interest in the judgment that would be rendered, as, by proving the payment of the purchase-money, he extinguishes the lien. We do not say that a witness, under such circumstances, could not balance or remove his interest and be made a competent witness, but we do say that, as his interest is disclosed in the bill of exceptions, it is clear that he was incompetent, and ought to have been rejected.

There were objections taken to the set-offs offered in evidence, but we are not sure that we correctly understand how they were presented, such is the obscurity of the record; and therefore, as the case will be remanded, we decline passing on the objections. On the first ground the judgment is reversed and remanded for a new trial.

Judgment reversed.